**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM PHILLIP CONEY, | No. CV 04-2173 PHX EHC (MEA) |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| MARICOPA COUNTY SHERIFF'S OFFICE, JOE ARPAIO, MARICOPA COUNTY BOARD OF SUPERVISORS, CAPTAIN PETERSON, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss [Dkt. #11].

**BACKGROUND**

Plaintiff filed a *pro se* civil rights complaint [Dkt. #1] pursuant to 42 U.S.C. § 1983 on October 8, 2004, and an amended complaint [Dkt. #5] on December 6, 2004. On April 25, 2005, the Court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's constitutional rights, while Plaintiff was a pre-trial detainee in the Maricopa County jail facility, by subjecting him to overcrowded and unsanitary living conditions. [Dkt. #7].

1 Defendants waived service and filed a motion to dismiss
2 [Dkt. #11] on July 14, 2005.  Defendants assert that the
3 amended complaint must be dismissed, pursuant to 42 U.S.C. §
4 1997e, because Plaintiff failed to exhaust his administrative
5 remedies regarding the claims stated in the amended complaint
6 prior to filing his section 1983 suit.  In an order [Dkt. #13]
7 issued July 19, 2005, Plaintiff was warned by the Court that
8 his failure to respond to the motion to dismiss within thirty
9 days could be deemed consent to the entry of judgment against
10 Plaintiff, pursuant to Rule 7.2, United States District Court
11 for the District of Arizona Local Rules of Civil Procedure.
12 As of September 21, 2005, Plaintiff has not responded to or
13 filed any pleading otherwise opposing Defendants' motion to
14 dismiss.

**DISCUSSION**

**A. Standard for granting motion to dismiss**

17 When deciding a motion to dismiss pursuant to Federal
18 Rule of Civil Procedure 12(b)(6), the Court must take the
19 factual allegations of the complaint as true and construe them
20 in the light most favorable to the plaintiff.  See Galbraith
21 v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002);
22 Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir.
23 1996).  Additionally, pro se complaints are held to a less
24 strict standard than those drafted by counsel.  See Estelle v.
25 Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  It is
26 not appropriate to dismiss a pro se prisoner's civil rights
27 action unless it is "beyond doubt that the plaintiff can prove
28

no set of facts in support of his claim which would entitle him to relief." Id.

**B. Exhaustion**

Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). This language has been interpreted to require "that an inmate must exhaust [available remedies] irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741, n.6 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002).

A plaintiff must fully exhaust his administrative remedies before filing a section 1983 complaint. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). To fully exhaust a section 1983 claim, a prisoner must pursue his grievance to the highest administrative level available to him. See Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999); Morgan v. Maricopa County, 259 F. Supp. 2d 985, 990-91 & n.13 (D. Ariz. 2003). Exhaustion is an affirmative defense;

1  establishing exhaustion of administrative remedies under the
2  PLRA is not a pleading requirement or a jurisdictional
3  prerequisite.  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
4  Cir.), cert. denied, 124 S. Ct. 50 (2003); Giano v. Goord, 380
5  F.3d 670, 675 (2d Cir. 2004).  Therefore, Defendant has "the
6  burden of raising and proving the absence of exhaustion."
7  Wyatt, 315 F.3d at 1119.

8  　　　The failure to exhaust administrative remedies under the
9  PLRA is treated as a matter in abatement and is properly
10 raised in an unenumerated Rule 12(b) motion.  Id.  "In
11 deciding a motion to dismiss for a failure to exhaust
12 nonjudicial remedies, the court may look beyond the pleadings
13 and decide disputed issues of fact."  Id. at 1119-20.  "If the
14 district court concludes that the prisoner has not exhausted
15 nonjudicial remedies, the proper remedy is dismissal of the
16 claim without prejudice."  Id. at 1120.

17 　　　Detainees complaining about the conditions encountered at
18 a Maricopa County jail facility may pursue an administrative
19 grievance in accordance with the three-step process outlined
20 in the Maricopa County Sheriff's Office Policy and Procedure
21 manual.  The inmate first files a grievance which is heard by
22 a shift supervisor.  The inmate may appeal an adverse decision
23 by the shift supervisor by filing an Institutional Grievance
24 Appeal, which is determined by a jail commander.  The third
25 step in the process is to file an External Grievance Appeal
26 regarding any adverse decision by the jail commander. [Dkt.
27 #11, Attach.]
28

1  Defendants aver that Plaintiff has not exhausted his
2 administrative remedies and that Plaintiff admits that he did
3 not exhaust his administrative remedies.  Id. at 2.
4  Rule 7.2, United States District Court for the District
5 of Arizona Local Rules of Civil Procedure provides that a
6 party's failure to respond to a motion may, in the Court's
7 discretion, be deemed a consent to the Court's granting of
8 judgment in favor of the movant.  See Brydges v. Lewis, 18
9 F.3d 651, 652-53 (9th Cir. 1994).  When the Court has warned
10 the non-moving part that their failure to respond "'shall
11 constitute a consent'" to the granting of the motion, the
12 Court may properly exercise its discretion to a motion based
13 on the non-moving party's construed consent.  Id.  See also
14 Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding
15 that the district court did not abuse its discretion by
16 summarily granting the defendants' motion to dismiss pursuant
17 to a local rule where the pro se plaintiff had time to respond
18 to the motion but failed to do so).
19  Defendants have asserted that Plaintiff has not exhausted
20 his administrative remedies, a prerequisite to filing his
21 suit.  Plaintiff does not contest Defendants' assertion that
22 he has failed to fulfill a prerequisite to filing his section
23 1983 complaint.  Therefore, Plaintiff has failed to plead
24 facts which establish that he has stated a claim for relief.
25
26
27
28

**Conclusion**

Plaintiff has failed to allege or to show that he has exhausted his administrative remedies with regard to his claim regarding jail overcrowding and unsanitary living conditions.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [Dkt. #11] is **GRANTED without prejudice** for Plaintiff's failure to exhaust his administrative remedies with regard to the claim for relief stated in his complaint.

DATED this 27th day of September, 2005.

*Earl H. Carroll*
Earl H. Carroll
United States District Judge

- 6 -